**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| APPROOV LTD.,<br><br>Plaintiff,<br><br>v.<br><br>GUARDSQUARE NV, GUARDSQUARE INC., AND GUARDSQUARE GmbH,<br><br>Defendants. | Civil Action No. 1:26-cv-13924-AK |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ... 1

II. BACKGROUND ... 2

III. LEGAL STANDARD ... 3

IV. APPROOV'S COMPLAINT SHOULD BE DISMISSED ... 4

A. Approov Failed to Provide Sufficient Notice of Its Infringement Claims ... 4

B. Approov Failed to Plead Facts of Infringement of the Method Claims in the United States ... 7

C. Approov Failed to Provide Plead Facts Supporting An Infringement Claim Against Guardsquare GmbH ... 8

D. Approov Failed to Provide Plead Facts Supporting An Infringement Claim Against Guardsquare NV ... 9

E. Approov Failed to Plead Facts Supporting An Infringement Claim Against iXGuard and DexGuard ... 11

V. CONCLUSION ... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .....4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .....3, 4

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .....4, 6, 7

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) .....5

*Fractus, S.A. v. TCL Corp.*,
No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) .....4

*Kando v. R.I. State Bd. of Elections*,
880 F.3d 53 (1st Cir. 2018) .....4, 8, 10, 11

*Lexington Luminance LLC v. Tech. Consumer Prods., Inc.*,
No. 5:22-CV-02235, 2025 WL 1359164 (N.D. Ohio May 9, 2025) .....6

*Menard v. CSX Transp., Inc.*
698 F.3d 40 (1st Cir. 2012) .....9, 10

*NTP, Inc. v. Research in Motion, Ltd.*,
418 F.3d 1282 (Fed. Cir. 2005) .....7, 8

*Progenics Pharms., Inc. v. MIM Software Inc.*,
762 F.Supp.3d 100 (D. Mass. 2025) .....11

*PXP Producing Co. v. Mitenergy Upstream LLC*,
342 A.3d 402 (Del. Ch. 2025) .....11

*Rampage LLC v. Global Graphics SE*,
No. 16-cv-10691-ADB, 2017 WL 239328 (D. Mass. Jan. 19, 2017) .....7, 8, 9

*TechTarget, Inc. v. Spark Design, LLC*,
746 F.Supp.2d 353 (D. Mass. 2010) .....11

*Uniloc USA, Inc. v. Avaya Inc.*,
No. 6:15-cv-1168-JRG, 2016 WL 7042236 (E.D. Tex. May 13, 2016) .....5

*Vervain, LLC v. Micron Tech., Inc.*,
No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .....4

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Statutes**

35 U.S.C.
§ 271 .....9

**Court Rules**

Fed. R. Civ. P.
8(a)(2) .....3
12(b)(6) .....1, 3

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Guardsquare NV, Guardsquare Inc., and Guardsquare GmbH (collectively "Defendants") respectfully move to dismiss Plaintiff Approov Ltd.'s ("Approov" or "Plaintiff") Complaint for failure to state a claim.

## I. Introduction

Approov lacks a well-founded *factual* basis for the infringement counts in this lawsuit. Lacking a fact-based theory, Approov resorts to a mishmash of conclusory allegations against any Guardsquare entity and any Guardsquare product that it can locate on the Internet. But the law does not allow for this type of scattershot approach, so Approov's Complaint should be dismissed.

First, all of Approov's infringement allegations are deficient because Approov merely repeats the language of the claims and then inserts a quotation from a Guardsquare webpage, without any explanation as to how the quotation satisfies the limitation at issue. Given the complicated nature of the technology at issue here, this pleading format is insufficient. Indeed, the insufficiency of Approov's approach is particularly notable for multiple limitations where there is no apparent relationship between the claim limitation and the quotations.

Second, as to the method claims in Count I and II of the Complaint, these counts fail because Approov fails to state any factual basis as to how any of the Defendants or Defendants' customers have performed the claimed method in the United States. This is not an accident or a mere oversight. Prior to filing this lawsuit, Approov was put on notice that Guardsquare's attestation servers (a critical aspect of Approov's infringement allegations) are exclusively located outside the United States. Unable to locate any facts to the contrary, Approov tries to ignore the issue. But ignoring the issue does not provide a good-faith factual basis for pleading a claim. Counts I and II should be dismissed.

Third, Approov lacks any factual basis for including Guardsquare GmbH—a German company—in this lawsuit. Approov makes conclusory "on information and belief" allegations

that Guardsquare GmbH provides "research, development, and engineering support" from Germany but (i) fails to plead any facts supporting this allegation, and (ii) fails to explain how alleged acts in Germany qualify as acts of infringement in the United States.

Fourth, Approov lacks any factual basis for including Guardsquare NV—a Belgian company—in this lawsuit. Just like for Guardsquare GmbH, for Guardsquare NV the Complaint fails to plead facts supporting infringement allegations in the United States.

Fifth, Approov's attempt to include iXGuard and DexGuard in this lawsuit should be rejected because Approov fails to actually plead any facts supporting an infringement allegation as to those products. Instead, Approov's factual allegations are exclusively limited to Guardsquare's App Attestation product.

## II. Background

Approov filed this action on August 26, 2026, alleging that Guardsquare NV, Guardsquare Inc., and Guardsquare GmbH each infringe U.S. Patent No. 11,163,858 (the "'858 Patent" or the "Asserted Patent").

The Complaint includes minimal allegations specific to the individual parties. In the "Parties" section, the Complaint introduces each entity with few allegations beyond the entities place of business. (Doc. No. 1, "Compl.", ¶¶5–7.) Then, in the "Jurisdiction" section, the Complaint adds conclusory legal assertions that each defendant "has committed acts of infringement within this District" but, once again, without any meaningful factual allegations. (*Id.*, ¶¶9–11.) For almost every remaining allegation, the Complaint makes assertions related to "Guardsquare" without specifying which separate and legally distinct defendant the allegation relates to.

For purposes of its infringement allegations, the Complaint purports to accuse certain software products and services developed by Guardsquare, including particularly Guardsquare's

App Attestation service. The Complaint, however, includes no meaningful explanation as to how the Accused Products allegedly infringe. In the "Infringement of the '858 Patent" section, the Complaint includes five numbered paragraphs without any explanation as to how the allegations in those paragraphs relate to the specific requirements of the claims. (*Id.*, ¶¶31–35.) In one paragraph, the Complaint incorporates by reference "Exhibit B" for a "limitation-by-limitation comparison of the asserted claims against Guardsquare's own public descriptions of the Accused Products." (*Id.*, ¶34.) Exhibit B, however, includes no meaningful "comparison." Instead, as shown in the example below, Exhibit B merely pairs a claim limitation with one or more quotations from an alleged Guardsquare source *without any explanation as to how the quotations meet the text of the claim*:

| | | |
|---|---|---|
| 1[c] | the client software application calculating a cryptographic hash fingerprint of its executing code image, wherein the cryptographic hash fingerprint is communicated to the attestation server to prove that the client software application is untampered; | "A simple explanation of how code checksumming works is: Calculate the checksum, or hash, of the compiled piece of code whose integrity you want to verify; Store the hash in the app package so it is available at runtime; At runtime, the checksum is automatically recalculated when it is checked for the same piece of code and compared with the expected value. Any changes to the code using binary patching will result in a different checksum."<br>*Source: Guardsquare, "Code Checksumming."* |

(Doc. No. 1-2 at 1[c].) Despite the fact that the limitation on the left includes specific requirements—such as "a cryptographic has fingerprint"—that have no apparent relationship with the quote on the right, the Complaint includes no explanation of how the quote satisfies the claim.

Approov then accuses the non-specific "Defendants Guardsquare" of separately accusing the method claims of the '858 patent (Counts I and II) and the system claims (Counts III and IV). (*Id.*, ¶¶42–73.)

## III. LEGAL STANDARD

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court should dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must state enough facts

such that the claim to relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead enough facts to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. This standard requires a court to "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Moreover, the "factual allegations contained in the complaint cannot be 'meager, vague, or conclusory,' leaving the plaintiff's claim largely within the realm of conjecture." *Id.* at 63 (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

## IV. APPROOV'S COMPLAINT SHOULD BE DISMISSED

### A. Approov Failed to Provide Sufficient Notice of Its Infringement Claims

Approov's infringement allegations all suffer from the same basic flaw: Approov failed to provide sufficient allegations articulating why the Accused Products meet the text of the claims. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.").

The level of detail required for pleading infringement is evaluated based on a number of factors, including the complexity of the technology at issue. *Id.* Software cases, such as this one, are recognized as involving more complex technology where more is required. *See, e.g., Fractus, S.A. v. TCL Corp.*, 2021 WL 2483155, at *3 (E.D. Tex. June 2, 2021) (software-based claims demand a higher level of pleading); *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA,

2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) (citing *Fractus* for same); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 WL 7042236, at *5 (E.D. Tex. May 13, 2016). Approov has failed to satisfy its burden for the complex technology at issue here.

For almost every claim limitation, Approov takes the same deficient approach: it pairs a claim limitation with one or more quotations from an alleged Guardsquare source *without any explanation as to how the quotations meet the text of the claim*. (Doc. No. 1-2.) But as one court (from one of the busiest patent dockets in the country) has explained, merely quoting (or screenshotting) a portion of a defendant's website, without any allegation as to how the quotes (or screenshots) meet the text of the claim, is not sufficient:

> The Court disagrees with Plaintiff that the screenshots themselves constitute the requisite factual allegations. While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met.

*Chapterhouse, LLC v. Shopify, Inc.*, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018).

Approov's failure is particularly problematic for multiple limitations where there is no apparent relationship between the quoted language and the claim limitation. For example, both independent claims (1 and 18) recite "a cryptographic hash fingerprint" that is calculated by a client software application. (Doc. No. 1-2 at 1[c] and 18[c].) But the quotations Approov includes in its claim chart say nothing about a "cryptographic hash fingerprint" and Approov has failed to offer any allegation as to how the quotations meet the "cryptographic hash fingerprint" limitation.[1]

---

[1] Approov's failure to explain this limitation is notable given that in October 2025, Guardsquare explained to Approov that "Guardsquare's client software application does not calculate a cryptographic hash fingerprint of its executing code image." (Decl. of Orion Armon Ex. 1 at 3 ("Ex. 1").) Given the indisputable materiality of this limitation, a greater level of detail is required. *Bot M8*, 4 F.4th at 1353 (recognizing that the "level of detail required" depends on "the materiality of any given element to practicing the asserted claim(s)").

(*Id.*) To make matters worse, one of the quotations Approov includes for these limitations is a general description of checksumming which is untethered to the Accused Products in this litigation. (*Id.*) Approov cannot rely on a general description of checksumming on Guardsquare's website without any factual basis for alleging that checksumming is used by an Accused Product. As one court explained when dismissing a complaint with similar deficiencies: "There are no facts or evidence provided to show the Court that this [quotation] is indeed representative of Defendant's product. Without some factual support that the [quotation] indeed represents the accused product, the Court is left only with a statement that the accused product contains [this] element of Claim 1 [and 18]. … Without more, Plaintiff has merely provided conclusions and formulaic recitations of the claimed elements. Therefore, Plaintiff has failed to effectively plead infringement." *Lexington Luminance LLC v. Tech. Consumer Prods., Inc.*, 2025 WL 1359164, at *3-4 (N.D. Ohio May 9, 2025).

As another example of the deficiencies in Approov's approach, both independent claims (1 and 18) require controlling the behavior of the client's server computing device in a way that is conditional on whether a prior attestation of the client software application was a pass or fail attestation result. (Doc. No. 1-2 at 1[f] and 18[f].) Once again, Approov failed to provide any allegation as to how this limitation relates to the quotations in its charts.[2] (*Id.*) Given the complex nature of the technology at issue here, Approov's allegations fail to "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC*, 4 F.4th at 1353.

For this reason alone, the entirety of Approov's Complaint should be dismissed.

---

[2] In October 2025, Guardsquare also informed Approov that this limitation was not used by Guardsquare's software. (Ex. 1 at 3.) Given the indisputable materiality of this limitation, a greater level of detail is required. *Bot M8*, 4 F.4th at 1353.

### B. Approov Failed to Plead Facts of Infringement of the Method Claims in the United States

Counts I and II of the Complaint are solely related to method claims. (Compl., Count I and Count II.) Approov, however, has failed to articulate a sufficient *factual basis* supporting a claim that any of the Defendants or Defendants' customers performed *every step* of the claimed method in the United States. *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("a process cannot be used 'within' the United States as required by section 271(a) unless each of the steps is performed within this country.").

The critical deficiency in Approov's method claim allegations relates to the claim limitations that require actions performed by an "attestation server." (*See, e.g.,* Doc. No. 1-1 ('858 patent), claim 1 (e.g., "the attestation server generating a pass or fail attestation result.").) Approov, however, never alleges (much less provides any factual basis to support an allegation) that Defendants (or Defendants' customers) operate "attestation servers" located in the United States. This warrants dismissal. *Rampage LLC v. Global Graphics SE*, 2017 WL 239328, at *3, 5–6 (D. Mass. Jan. 19, 2017) (dismissed because "[t]he complaint must also allege the infringement occurred in United States territory" and the pleadings did not support that inference).

Approov's silence on this issue is not an accident or a mere oversight. Prior to filing this lawsuit, Approov was on notice that "Guardsquare's attestation servers are exclusively located outside the United States." (Ex. 1 at 3.) Unable to locate any facts to the contrary, Approov tries to ignore this material issue. But ignoring a material issue does not provide a good-faith factual basis for pleading a claim. *Bot M8*, 4 F.4th at 1353 (recognizing that the "level of detail required" depends on "the materiality of any given element to practicing the asserted claim(s)"). For Counts I and II of the Complaint, it was Approov's burden to plead facts sufficient to support an allegation that the claimed method was performed in the United States. *Rampage*, 2017 WL 239328, at *5–

6; *NTP*, 418 F.3d at 1318. Approov's failure to do so warrants dismissal of these counts.

### C. Approov Failed to Provide Plead Facts Supporting An Infringement Claim Against Guardsquare GmbH

Approov has failed to plead a factual basis for including Guardsquare GmbH in this lawsuit. The total sum of Approov's allegations against Guardsquare GmbH are as follows:

> 7. Upon information and belief, Guardsquare GmbH is a limited liability company (Gesellschaft mit beschränkter Haftung) registered with the Munich commercial register under HRB 257934, with its principal place of business and headquarters located at Rosenheimer Strasse 143 C, 81671, Munich, Germany. Guardsquare GmbH was organized under the laws of Germany and provides significant research, development, and engineering support to Guardsquare NV and Guardsquare Inc.
>
> 11. This Court has personal jurisdiction over Defendant Guardsquare GmbH because Defendant Guardsquare GmbH has committed acts of infringement within this District, and has a regular and established place of business in this District, both directly and indirectly, through Guardsquare Inc. On information and belief, Guardsquare GmbH has provided research, development, and engineering support to Guardsquare's customers in this District. Further and in the alternative, this Court has personal jurisdiction over Defendants Guardsquare NV and Guardsquare GmbH under Fed. R. Civ. P. 4(k)(2), because Approov's claims arise under federal law, neither defendant is subject to the general jurisdiction of the courts of any single state, and the exercise of jurisdiction is consistent with the United States Constitution and laws.

(Compl., ¶¶7 and 11.) These allegations fail on multiple bases.

First, Approov fails to provide any factual basis to support these conclusory allegations. This is insufficient. *Kando*, 880 F.3d at 63 ("factual allegations contained in the complaint cannot be 'meager, vague, or conclusory'").[3]

---

[3] To the extent that Approov has any facts to support its belief that "Guardsquare GmbH has provided research, development, and engineering support to Guardsquare's customers in this District," Approov needs to disclose those facts. For example, what "customers in this District" is Approov referring to? And what basis does Approov have for alleging that Guardsquare GmbH "provided research, development, and engineering support" to these customers? "'Information and belief' does not mean pure speculation." *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44 (1st

Second, even if these conclusory allegations were taken as true (which they should not be), they fail to identify any allegedly infringing act. The only activities that Guardsquare GmbH is alleged to perform are "research, development, and engineering support" to Guardsquare NV, Guardsquare Inc., and some unspecified "customers." But "research, development, and engineering support" are not acts of infringement under 35 U.S.C. § 271.

Third, even if "research, development, and engineering support" were acts of infringement (they are not), Approov has failed to put forth any plausible basis that Guardsquare GmbH (a foreign entity) has performed any such activities in the United States. *Rampage*, 2017 WL 239328, at *3 (dismissed because "[t]he complaint must also allege the infringement occurred in United States territory" and the pleadings didn't support that inference). There are simply no *facts* in the Complaint that support the inference that Guardsquare GmbH has performed any act of infringement in the United States.

Approov's claims against Guardsquare GmbH should be dismissed.

### D. Approov Failed to Provide Plead Facts Supporting An Infringement Claim Against Guardsquare NV

Approov has also failed to plead a factual basis for including Guardsquare NV in this lawsuit. The total sum of Approov's allegations related to Guardsquare NV are as follows:

> 5. Upon information and belief, Defendant Guardsquare NV is a public limited company (naamloze vennootschap) organized and existing under the laws of Belgium, with its registered office at Tervuursevest 362, bus 1, 3000 Leuven, Belgium, which provides mobile application security solutions, including its mobile app attestation service, to its clients in the United States and abroad.
>
> 6. Upon information and belief, Defendant Guardsquare Inc. is a corporation organized and existing under the laws of the State of Delaware with a regular and established place of business at 99 Summer Street, Floor 10, Suite 1010, Boston, Massachusetts 02110.

---

Cir. 2012) (noting that "if [plaintiff[ had any facts to support this assertion, they should have been set forth.").

> Guardsquare Inc. is the U.S. entity and subsidiary of Guardsquare NV, and provides marketing, sales, and support to Guardsquare NV's clients in the United States and abroad. Guardsquare Inc. operates as the principal United States affiliate of the Guardsquare group of companies, which is led by its Belgian parent Guardsquare NV. Guardsquare Inc. maintains its United States operating presence in Boston, Massachusetts, and is responsible for the commercialization, sale, deployment, and customer support of the Guardsquare mobile application security platform across the Americas.
>
> 9. This Court has personal jurisdiction over Defendant Guardsquare NV because Defendant Guardsquare NV has committed acts of infringement within this District, and has a regular and established place of business in this District, both directly and indirectly, through its subsidiary Guardsquare Inc. On information and belief, Guardsquare NV has custody and control over Guardsquare Inc., and has induced and, directly or indirectly, caused Guardsquare Inc. to commit acts of infringement on its behalf.

(Compl., ¶¶ 5–6 and 9.) These allegations fail on multiple bases.

First, Approov's allegation that Guardsquare NV "provides mobile application security solutions, including its mobile app attestation service, to its clients in the United States" fails because Approov fails to provide any *factual* basis to support this conclusory allegation. This is insufficient. *Kando*, 880 F.3d at63 ("factual allegations contained in the complaint cannot be 'meager, vague, or conclusory'"); *Menard,* 698 F. 3d at 44 (information and belief allegations must still be supported with facts).

Second, Approov's allegation that "Guardsquare NV has custody and control over Guardsquare Inc." is legally insufficient to assert a claim against Guardsquare NV. In order to hold Guardsquare NV responsible for the actions of Guardsquare Inc., Approov must plead facts sufficient to pierce the corporate veil between those entities. Approov has not done so. Instead, Approov has merely argued that Guardsquare NV has control over Guardsquare Inc. But "[c]ontrol in and of itself is not sufficient to disregard the corporate entity." *TechTarget, Inc. v. Spark Design, LLC*, 746 F.Supp.2d 353, 356 (D. Mass. 2010). To the contrary, Delaware law

recognizes that the corporate form will only be disregarded in the "exceptional case." *PXP Producing Co. v. Mitenergy Upstream LLC,* 342 A.3d 402, 416 (Del. Ch. 2025) ("Veil piercing is a tough thing to plead and a tougher thing to get, and for good reason.").

Third, Approov's allegations in paragraph 9 are once again just a rehash of the legal standard without any factual basis. These types of conclusory allegations should be ignored. *Kando*, 880 F.3d at 58.

Approov's claims against Guardsquare NV should be dismissed.

### E. Approov Failed to Plead Facts Supporting An Infringement Claim Against iXGuard and DexGuard

For the factual allegations related to infringement, Approov appears to rely exclusively on information related to Guardsquare's App Attestation product. (Doc. No. 1-2.) Without any factual explanation, Approov then attempts to expand the Complaint to also include iXGuard and DexGuard. (*Id.*, ¶24.) But as this District has recently explained, while Approov is not required to provide separate infringement allegations for each product, if Approov wants to use one product as representative for a grouping of products, Approov must plausibly allege "both that one product infringes a claim in the patent and that that one product is representative of the others in material respects." *Progenics Pharms., Inc. v. MIM Software Inc.*, 762 F.Supp.3d 100, 116 (D. Mass. 2025). Approov, however, has included no allegation (much less any factual basis to support an allegation) that Guardsquare's App Attestation is representative of iXGuard and/or DexGuard.

The only potential explanation Approov has offered for accusing iXGuard and/or DexGuard is the idea that they might be "used together" with App Attestation.

> 24. Guardsquare's principal commercial products that leverage Approov's patented technology that is claimed in the '858 Patent include the device-side products and services of DexGuard (for android applications) and iXGuard (for iOS applications), when offered along with Guardsquare's Mobile App Attestation product and service (collectively referred to as the "Accused Products").

> When the Accused Products are offered for sale, sold, and used together, the customer has the option to hash and verify the application's executing code for attestation. When this feature is enabled, the Accused Products make and use Approov's patented invention.

(Compl., ¶ 24.) But the fact that two products might be used together does not provide a legal basis for accusing an otherwise non-infringing product.

Approov's infringement allegations against iXGuard and DexGuard should be dismissed.

## V. CONCLUSION

For these reasons, Defendants request that the Court dismiss Approov's lawsuit for failure to state a claim.

Dated: October 22, 2026

Respectfully submitted,

*/s/Orion Armon*

Orion Armon (CO 34923)
*(Admitted pro hac vice)*
oarmon@cooley.com
Eamonn Gardner (CO 38088)
*(Admitted pro hac vice)*
egardner@cooley.com
COOLEY LLP
1144 15th Street
Suite 2300
Denver, CO 80202-2686
Telephone: +1 720 566 4000
Facsimile: +1 720 566 4099

Dane R. Voris (BBO 704263)
dvoris@cooley.com
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: +1 617 937 2300
Facsimile: +1 617 937 2400

*Attorneys for Defendants Guardsquare NV, Guardsquare Inc., and Guardsquare GmbH*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on October 22, 2026, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on the Notice of Electronic filing and paper copies will be sent to any non-registered participants.

*/s/Orion Armon*
Orion Armon